J-A19021-21

2021 PA Super 226

STEPHEN RATNER, AUDREY RATNER, : IN THE SUPERIOR COURT OF
AND DR. ROBERT OSTOYICH : PENNSYLVANIA
:
Appellants :
:
:
:
v. :
:
:
: No. 339 EDA 2021
IRON STONE REAL ESTATE FUND, I, :
L.P., IRON STONE REAL ESTATE :
GROUP I, LLC, AND ANDREW :
EISENSTEIN :

Appeal from the Order Entered December 18, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No. 170301497


BEFORE:   DUBOW, J., MURRAY, J., and COLINS, J.[*]

OPINION BY MURRAY, J.:                **FILED NOVEMBER 19, 2021**

Stephen Ratner, Audrey Ratner, and Dr. Robert Ostoyich (Appellants),

appeal from the order discharging the receiver in this partnership dissolution

action.[1]  For the second time, we are constrained to vacate and remand.

We previously explained:

On August 17, 2005, a Certificate of Limited Partnership was filed
with the Secretary of State of the Commonwealth of Pennsylvania
to form a limited partnership named Iron Stone Real Estate Fund
I, L.P. [Iron Stone LP] under the Pennsylvania Revised Uniform
Limited Partnership Act, as amended.  ***See*** 15 Pa.C.S. §§ 8501-
8594 (Repealed).  On February 28, 2006, [Iron Stone Real Estate
Group I, LLC (Iron Stone)] entered into "An Agreement of Limited
Partnership of the Iron Stone Real Estate Fund I, L.P." Section 3

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] This appeal is interlocutory pursuant to Pa.R.A.P. 311(a)(2), which permits
an appeal as of right from an order dissolving a receivership.

of the Limited Partnership Agreement provided the purpose of Limited Partnership "to acquire, hold, maintain, operate, develop, sell, improve, lease, license, pledge, encumber, dispose of and otherwise invest in, directly or indirectly, real estate and related assets."

Stephen Ratner and Audrey Ratner purchased two units out of 100 (a 2% ownership interest for a total of $200,000). Dr. Robert Ostoyich purchased one unit out of 100 (a 1% ownership interest for $100,000) as limited partners in Iron Stone LP [of which Iron Stone], was the general partner.

*Ratner v. Iron Stone Real Estate Fund I, L.P.*, 212 A.3d 70, 72-73 (Pa. Super. 2019) (record citations and footnotes omitted), *appeal denied*, 224 A.3d 368 (Pa. 2020), *cert. denied*, 141 S.Ct. 554 (2020) (*Ratner I*).

The parties' dispute arose after Iron Stone unilaterally sought to extend the limited partnership beyond the end date set forth in the partnership agreement.[2] We stated:

After their demand for payment of the value of their units, for an accounting of the value of their "units" and/or for the proper dissolution of the Partnership was refused, [Appellants] filed a Complaint, later amended, and not as a derivative action brought on behalf of Iron Stone LP and/or the Limited Partners, as a class. The Amended Complaint asserted six causes of action alleging Breach of Fiduciary Duty (Count I), Breach of Implied Duty of Good Faith and Fair Dealing (Count II), Breach of Contract (Count III), Accounting (Count IV), Dissolution of Partnership (Count V) and Conversion (Count VI).

* * *

On preliminary objections, the trial court dismissed [Appellants'] claims for breach of the implied duty of good faith and fair dealing and conversion. After the close of the pleadings, cross-motions

_____

[2] We incorporate the factual and procedural history from *Ratner I*, 212 A.3d at 72-76.

- 2 -

for summary judgment were filed. Iron Stone sought dismissal of the remaining counts for breach of contract, breach of fiduciary duty, accounting and dissolution because the Limited Partners did not have standing to maintain those claims because they were derivative in nature and that the duration of the contract had been properly extended. In its cross-motion for summary judgment, [Appellants] maintained the opposite but only sought dissolution of the Partnership. The trial court granted Iron Stone's motion and denied [Appellants'] motion for summary judgment.

*Id.* 75-76 (record citation and footnote omitted).

On appeal, this Court affirmed the grant of summary judgment as to Count I (breach of fiduciary duty), Count II (breach of implied duty of good faith and fair dealing), and Count VI (conversion), holding that Appellants lacked standing. *Id.* at 77. We reversed as to Count III (breach of contract), Count IV (accounting), and Count V (dissolution of partnership), and remanded "to the trial court to enter an order that the Limited Partnership shall wind up its activities and affairs **in accordance with 15 Pa.C.S. § 8682**." *Id.* at 81 (emphasis added).[3]

Iron Stone sought reargument *en banc*, which this Court denied on July 31, 2019. Iron Stone then sought — without success — allowance of appeal with the Pennsylvania Supreme Court, reconsideration of the Pennsylvania Supreme Court's denial of their request for allowance of appeal, and a writ of *certiorari* with the United States Supreme Court.

---

[3] Our reasoning is detailed in **Ratner I**, *supra*, at 75-81.

After the case was remanded to the trial court, Appellants filed a motion to appoint a receiver pursuant to 15 Pa.C.S.A. § 8682(d)(2).[4] Iron Stone opposed the motion. On November 10, 2020, the trial court appointed a receiver, finding:

> [Appellants] in their motion have provided **more than a sufficient basis** to support the good cause requirement for judicial supervision in 15 Pa.C.S.A. § 8682(d)(2). **A neutral review of the records of [Iron Stone] are essential to a fair resolution of this case.** [Iron Stone's] **peremptory action** in beginning the process of winding down and dissolution without the participation of [Appellants] is in **contravention of the Superior Court's direction**. Moreover, **the manner in which the case has been proceeding, including the most recent final "distribution" of November 5, 2020, issued while this motion was pending, argues in favor of court supervision to ensure the fairness of this process** for all parties.

Order, 11/10/20, at unnumbered p. 1 n. 1 (emphasis added). The court directed that the parties "equally share" responsibility for paying the receiver's fees. *Id.* at unnumbered page 3.

---

[4] The statute provides:

> On the application of a partner or person entitled under subsection (c) **to participate in winding up, the court may order judicial supervision of the winding up of a dissolved limited partnership, including the appointment of a person to wind up the partnership's activities and affairs**, if:
>
> * * *
>
> (2) the applicant establishes other good cause.

15 Pa.C.S.A. § 8682(d)(2) (emphasis added).

- 4 -

Thereafter, a dispute arose concerning payment of the receiver. On December 3, 2020, the trial court directed the parties to file briefs "of not more than five pages in length addressing the issue of the proper allocation of responsibility for payment of the Receiver's fees and costs." Order, 12/3/20 (footnote omitted).

However, two weeks later, the trial court *sua sponte* issued the order giving rise to this appeal. The court discharged the receiver without explanation, other than stating "the dissolution and winding up of the Limited Partnership has already occurred." Order, 12/18/20. The court acknowledged that Appellants believed the partnership had not been resolved in accordance with 15 Pa.C.S.A. § 8682, but concluded Appellants' objections to the manner in which Iron Stone dissolved the limited partnership should be raised in a new action.[5] *Id.* at n. 2.

Appellants timely appealed. The trial court did not order a Pa.R.A.P. 1925(b) concise statement. On March 1, 2021, the court issued a brief opinion referencing the December 18, 2020 order.

Appellants present six questions for our review:

1. Did the Trial Court commit an error of law by finding that the dissolution and winding up of the Limited Partnership (as required by this Court's May 29, 2019 Opinion and Order) had occurred, such that the Receiver appointed by the Trial Court on November 10, 2020 was no longer needed?

---

[5] In contravention of **Ratner I**, the trial court never issued an order directing the partnership be dissolved in compliance with 15 Pa.C.S.A. § 8682.

2. Did the Trial Court abuse its discretion by terminating the Receiver after the parties submitted briefs at the Trial Court's request, reviewing how the appointed Receiver was to be compensated?

3. Did the trial court commit an error of law by not requiring the Receiver's fees and costs to be paid out of the assets marshalled?

4. Did the trial court commit an error of law by previously requiring [Appellants] be responsible for paying 50% of the Receiver's fees and costs, despite the fact that [Appellants] only hold 3% of the Units in the Limited Partnership?

5. Did the Trial Court commit an error of law by allowing [Iron Stone] to perform an "in-kind" distribution of the matured Partnership's stock into a separate operating entity, rather than requiring a court appointed receiver to perform a full liquidation of the Limited Partnership's assets?

6. Did the Trial Court commit an error of law by not granting [Appellants] attorney's fees in this matter, when it has been repeatedly demonstrated that [Iron Stone] engaged in serial bad acts designed solely to delay and prolong this matter and to increase [Appellants'] legal costs?

Appellants' Brief at 3.[6]

"We initially recognize that the lower court's decision to appoint [or remove] a receiver will not be reversed absent a clear abuse of discretion." *Metropolitan Life Ins. Co. v. Liberty Center Venture*, 650 A.2d 887, 889 (Pa. Super. 1994) (citation omitted).

In their first two issues, Appellants claim the trial court erred in discharging the receiver. They state:

_____

[6] We reordered Appellants' issues for disposition.

- 6 -

The [t]rial [c]ourt properly found on November 10, 2020 that there was good cause under 15 Pa.C.S.A. § 8682(d)(2) for the appointment of a receiver so that this matter could finally be concluded[.] . . . The [t]rial [c]ourt found [Iron Stone] had engaged in improper, unilateral actions, and [there] were improper attempts by [Iron Stone] to avoid the instructions of the Court[.] … However, when the parties could not agree on the apportionment of the [r]eceiver's fees, the [t]rial [c]ourt requested and received briefs outlining and analyzing how the appointed [r]eceiver's fees and costs should be apportioned. **Curiously, instead of issuing an order on the appointment of the [r]eceiver's fees and costs, the [t]rial [c]ourt somehow found that the [r]eceiver was not needed anymore. The [t]rial [c]ourt's finding makes no sense**[.]

Appellants' Brief at 32-33 (emphasis added).

Iron Stone counters that the appointment of the receiver exceeded the scope of remand because the "sole instruction on remand was for the [t]rial [c]ourt to enter an order that Iron Stone LP shall wind up its activities and affairs in accordance with 15 Pa.C.S. § 8682."[7] Iron Stone's Brief at 17. Iron Stone contends the appointment of the receiver was unnecessary because "the trial court properly determined . . . Iron Stone [had] wound up its

_____

[7] At oral argument, Iron Stone asserted that 15 Pa.C.S.A. § 8682(d)(2) does not authorize the appointment of a receiver because that term is not used in the statute. Black's Law Dictionary defines a receiver as a "disinterested person appointed by a court, or by a corporation or other person, for the protection or collection of property that the subject of diverse claims." Black's Law Dictionary, 647 (5th Pocket ed. 1996). As noted above, 15 Pa.C.S.A. § 8682(d) provides for the appointment of "a person to wind up the partnership's activities and affairs." A receiver clearly falls within this definition, and thus Iron Stone's argument is one of semantics and unpersuasive.

activities and affairs in accordance with 15 Pa.C.S. § 8682 and dissolved."[8]

*Id.* at 18.

The Pennsylvania Rules of Appellate Procedure provide:

**(a) General rule.** On remand of the record the court or other government unit below shall proceed in accordance with the judgment or other order of the appellate court and, except as otherwise provided in such order, Rule 1701(a) (effect of appeals generally) shall no longer be applicable to the matter.

Pa.R.A.P. 2591(a). The Supreme Court has stated, "it has long been the law in Pennsylvania that following remand, a lower court is permitted to proceed only in accordance with the remand order." *Commonwealth v. Sepulveda*, 144 A.3d 1270, 1280 n. 19 (Pa. 2014). Further, "where a case is remanded for a specific and limited purpose, issues not encompassed within the remand order may not be decided on remand." *Id.* (citation omitted).

As noted above, 15 Pa.C.S.A. § 8682(d)(2) provides for appointment of a receiver upon good cause shown. On remand, the trial court found Iron Stone unilaterally dissolved the partnership in their favor and in contravention of *Ratner I* and 15 Pa.C.S.A. § 8682. Order, 11/10/20, at unnumbered p. 1 n. 1. Iron Stone's actions suggest it leveraged the delay that resulted from

---

[8] Iron Stone's claim that the trial court found the partnership was dissolved in compliance with 15 Pa.C.S.A. § 8682 is not supported by the record; the court did not make such finding, and to the contrary, it found there was good cause for the appointment of the receiver because Iron Stone was not compliant with 15 Pa.C.S.A. § 8682.

litigation, *i.e.*, the judicial process, to proceed with dissolving the partnership in their favor and adverse to Appellants.

Given Iron Stone's actions, the trial court acted properly and in accordance with *Ratner I* and 15 Pa.C.S.A. § 8682 by appointing a receiver. However, it abused its discretion by discharging the receiver. As quoted above, the court found "more than a sufficient basis to support the good cause requirement" to appoint a receiver because Iron Stone was dissolving the partnership without input from Appellants, in a "peremptory" manner, and "in contravention of the Superior Court's direction." Order, 11/10/12, at unnumbered page 1, n. 1. The court also expressed concern about the manner in which Iron Stone distributed the partnership proceeds. *Id.* In the month between the order appointing the receiver and the order discharging the receiver, the only events that transpired — at least on the record — are that the parties disputed responsibility for payment of the receiver, and Iron Stone completed the dissolution without complying with *Ratner I* and without "judicial supervision to ensure the fairness of the process." *Id., see also* 15 Pa.C.S.A. § 8682(d)(2). Thus, in its December 18, 2020 order, the court flouted its November 10, 2020 order, effectively penalizing Appellants for questioning the payment of the receiver, and rewarding Iron Stone's actions in dissolving the partnership during the pendency of litigation.

We further disagree with the trial court's finding, without support or explanation, that Appellants could seek recourse by raising their claims

regarding dissolution in a new action. Order, 12/18/20, at 2 n. 2. We are further concerned that the court acknowledged, but did not disturb, Iron Stone's unilateral actions in making an in-kind distribution, which is barred by 15 Pa.C.S.A. § 8653(c) and contrary to *Ratner I*.

In sum, and in response to Appellant's first two issues, we agree the trial court abused its discretion in discharging the receiver. We therefore vacate the December 18, 2020 order and remand for the trial court to reappoint the receiver in accordance with the instructions below relating to Appellants' third and fourth issues.

In their third and fourth claims, Appellants argue the trial court erred in equally allocating the parties' responsibility for payment of the receiver's fees and costs. Appellants' Brief at 41-53, 55-58. Iron Stone maintains that if the receiver is necessary — which it disputes — Appellants should bear the expense because they requested the appointment. Iron Stone's Brief at 25.

The trial court did not explain its allocation of the receiver's fees. However, it found good cause for the appointment of the receiver "to ensure fairness" due to **Iron Stone's** "peremptory" activities "in contravention" of *Ratner I*. Order, 11/10/20, at unnumbered p. 1. n. 1. We thus see no equitable basis for allocating to Appellants, who are minority shareholders, half of the cost.

Section 8682 does not address payment of the receiver and we have found no relevant legal authority on this issue. However, the federal law cited

by Appellants is persuasive.[9] The United States Supreme Court has stated that as a general rule, the expenses of a receiver are "a charge upon property or fund under the control of the court, without any personal liability therefor upon the part of the plaintiff, who invoked the jurisdiction of the court." *Atlantic Trust Co. v. Chapman*, 208 U.S. 360, 372 (1908). *See also O'Leary v. Moyer's Landfill, Inc.*, 677 F.Supp. 807, 822 (E.D.Pa. 1988) (citing *Atlantic Trust* and noting receivership expenses are generally charged to the property). More recently, federal district courts have approved the practice of receivers charging fees and costs against funds recovered. *See e.g. KeyBank Nat'l Ass'n v. Fleetway Leasing Co.*, 2019 WL 5102206, at *1 (E.D.Pa. Oct. 11, 2019) (noting with approval receiver held 25% of recovered funds to pay costs); *SEC v. Ahmed*, 2018 WL 6737318, at *2 (D.Conn. Dec. 20, 2018) (holding "all costs of the receivership in this case will be paid from among the assets of the Receivership Estate."). This manner of payment is in keeping with Pennsylvania law in other areas, such as estate law, where an executor is authorized to charge the estate for expenses. *See e.g. In re Estate of Whitley*, 50 A.3d 203, 210 (Pa. Super. 2012) (affirming trial court's holding that executor properly charged estate for fees).

---

[9] "While we recognize that federal court decisions are not binding on this court, we are able to adopt their analysis as it appeals to our reason." *Kleban v. Nat. Union Fire Ins. Co. of Pittsburgh*, 771 A.2d 39, 43 (Pa. Super. 2001) (citation omitted).

Accordingly, on remand, the trial court in its order reappointing the receiver shall direct that the receiver's fees and costs be paid from funds recovered from the partnership.[10]

Accordingly, and for the above reasons, we vacate the December 18, 2020 order discharging the receiver, and remand for reappointment of the receiver, with the receiver's fees and costs to be paid from partnership funds; the parties may raise, and the court shall address, any issues encompassed by this remand as well as our remand in **Ratner I**.[11]  **Commonwealth v. Sepulveda**, **supra**.

Order vacated.  Case remanded for further proceedings consistent with this decision.  Jurisdiction relinquished.

_____

[10] Appellants' two remaining issues concern the trial court's decision to let stand Iron Stone's "in-kind" distribution, and the court's failure to rule on Appellants' petition for attorney's fees.  Because we grant relief on Appellants' first four issues and are again remanding to the trial court, we do not address these issues, as Appellants may proceed with them before the trial court on remand.  **See Siegal v. Stefanyszyn**, 718 A.2d 1274, 1277 n. 6 (Pa. Super. 1998).

[11] Appellants seek to have the receiver: "(a) collect on all loans made to related parties as part of the marshalling of all assets, (b) liquidate the Limited Partnership's property including the sale of either the Falls Center Campus or the sale of the Partnership's holdings in that real estate entity, (c) investigate [Iron Stone's] failure to make proper distributions to the limited partners from previously sold real estate, and (d) claw back the [] administrative and management fees received after December 31, 2015, (e) pay over the 9% annual priority returns due to the limited partners since 2006, and (f) conduct a forensic review of the [] books and records [] so as to ensure that the proper final distribution be made []."  Appellants' Brief at 57-58.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2021